UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X
                                    :

JULIO CAMERENA,

                        Petitioner,

                                     :

        -against-

                                     :

GARY FILION, Superintendent, Coxsackie
Correctional Facility,
                                     :

                 Respondent.        :
-----------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _6/22/05_

**REPORT and RECOMMENDATION**

03 Civ. 474 (PKC)(KNF)

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

TO THE HONORABLE P. KEVIN CASTEL, UNITED STATES DISTRICT JUDGE

## I. INTRODUCTION

Julio Camerena ("Camerena") has made an application for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254. Camerena contends that his confinement by the state of New York

is unlawful because: (1) his constitutional right to be present at all material stages of his trial was

denied to him; (2) his conviction for third-degree criminal possession of a weapon should have

been dismissed because the charge underlying that conviction is a non-inclusory concurrent

charge to second-degree criminal possession of a weapon, for which he was also convicted; and

(3) his sentence, concurrent indeterminate terms of 6 to 12 years for second-degree weapon

possession and 2 ½ to 5 years for third-degree weapon possession, is excessive in light of

mitigating factors pertinent to the incident out of which his conviction arose, and in light of the

minimal nonviolent criminal record he had amassed at the time the sentence was imposed on

him.

The respondent opposes Camerena's application for a writ of habeas corpus. He maintains that Camerena failed to exhaust the remedies available to him in the state courts with respect to the claims raised in the instant petition. However, the respondent contends that the court, in accordance with 28 U.S.C. § 2254(b)(2), may consider the merits of the claims raised by Camerena in this petition and deny him the relief he seeks.

## II. BACKGROUND

Camerena was charged in an indictment returned by a Bronx County grand jury with murder in the second degree, manslaughter in the first degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third-degree. The charges stemmed from a mid-day shootout that Camerena had with an acquaintance and a concomitant scuffle he had with that person, during which Camerena fired a fatal shot into his opponent's head.

Camerena elected to proceed to trial before a petit jury. During the voir dire phase of the proceedings, Camerena, through his trial counsel, advised the court that, in accordance with New York law, Camerena wished to exercise his right to be present at any sidebar conferences that would be held to discuss prospective jurors. See People v. Antommarchi, 80 N.Y.2d 247, 590 N.Y.S.2d 33 (1992); New York Criminal Procedure Law ("CPL") § 260.20. Throughout the first day of voir dire examination, Camerena accompanied his counsel to the sidebar whenever prospective jurors requested an opportunity to be heard outside the presence of all other prospective jurors. The transcript of those sidebar conferences notes Camerena's presence. The transcript of the second day of voir dire examination failed to indicate whether Camerena accompanied his counsel to the sidebar conferences. This predicament caused the New York

State Supreme Court, Appellate Division, First Department, to which the petitioner had appealed from the judgment of conviction, to find that the record was "sufficiently ambiguous with respect to whether or not [Camerena] was present at the sidebar conferences during the second round of jury selection." People v. Camarena, 282 A.D.2d 210, 211, 722 N.Y.S.2d 380 (App. Div. 1st Dep't 2001). Therefore, the Appellate Division remanded the matter to the trial court for a reconstruction hearing.

The trial court held the hearing, as it was directed to do, in order to resolve the factual ambiguity concerning Camerena's presence at the sidebar conferences held during the second day of voir dire examination. The trial court received testimony at that hearing from Camerena, his trial counsel, the trial prosecutor and the court reporter who recorded the jury selection proceedings stenographically. Following the conclusion of the hearing, the trial court transmitted to the Appellate Division the record generated during that proceeding, as well as a writing containing the court's factual findings and conclusions.

The trial court concluded that, during the second day of voir dire examination, Camerena elected to remain at counsel table and to use headphones through which he could hear the official court interpreter's recitation of the conversations that the court, counsel and prospective jurors had at the sidebar conferences. The court indicated to the Appellate Division that Camerena was able to participate in those sidebar conferences because: (a) he was able to see the prospective jurors in profile; and (b) he had frequent conferences with his attorney to discuss the sidebar proceedings and to discuss whether the prospective jurors who participated in them should serve as trial jurors. By participating in this fashion in the sidebar conferences held during the second day of voir dire examination, the trial court concluded that the right conferred upon Camerena, to

-3-

attend his trial and, in particular, the right conferred upon him, through New York law, see CPL § 260.20; Antommarchi, supra, to attend sidebar conferences with prospective jurors, was honored. According to the trial court, Camerena was able to participate in a meaningful way in that portion of the trial proceedings.

After the trial court made its submission to the Appellate Division, the parties filed supplemental briefs with that court concerning the reconstruction hearing. Thereafter, the Appellate Division affirmed Camerena's conviction. It determined that the procedure employed during the second day of voir dire examination, and consented to by Camerena and his counsel, whereby Camerena remained "a short distance from a sidebar and [listened] on a headset to a simultaneous translation, by the official court interpreter, of the sidebar proceeding . . . in lieu of his physical presence at sidebars was beneficial as it would avoid contact with prospective jurors and the display of [Camerena's] incarcerated status as a result of his escort by court officers [during each trip to the sidebar]." People v. Camarena, 295 A.D.2d 109, 110, 743 N.Y.S.2d 433, 434 (App. Div. 1st Dep't 2002). Thus, in the circumstance of the underlying criminal trial, the Appellate Division found the procedure employed to permit Camerena to participate in sidebar discussions, while remaining at counsel table and using headphones, satisfied the dictates of Antommarchi.

The Appellate Division also found that, with respect to the claim raised by Camerena, that his sentence should be reduced based upon his limited prior criminal history and case-specific mitigating factors, no basis for a sentence reduction existed. Furthermore, the Appellate Division found that Camerena's claim that his convictions for third-degree weapon possession should be set aside because the underlying charge was a non-inclusory, concurrent charge with

the second-degree weapon possession charge made against him, was not preserved for appellate review; therefore, the court declined to entertain that claim. However, the Appellate Division noted that were it to review the claim, it would reject it.

## III. DISCUSSION

*Exhaustion of Remedies*

Before a federal court may entertain a habeas corpus petition on behalf of a state prisoner, the petitioner must first exhaust his or her available state remedies. See 28 U.S.C. § 2254(b) and (c); O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999); Jones v. Vacco, 126 F.3d 408, 413 (2d Cir. 1997); Dorsey v. Kelly, 112 F.3d 50, 52 (2d Cir. 1997); Daye v. Attorney General of New York, 696 F.2d 186, 190 (2d Cir. 1982)(*en banc*). Premised on the principles of comity, the exhaustion doctrine assures the "respect for our dual judicial system and concern for harmonious relations between the two adjudicatory institutions," Daye v. Attorney General of New York, 696 F.2d at 191, and "increas[es] the likelihood that the factual allegations necessary to a resolution of the claim will have been fully developed in state court, making federal habeas review more expeditious." Id. Although the writ of habeas corpus provides a remedy for imprisonment in violation of federal law, id., state courts, as well as federal courts, are charged with protecting a criminal defendant's federal rights, and the exhaustion doctrine requires that state courts "be given the opportunity to consider and correct any violations of federal law." Jones, 126 F.3d at 413.

To satisfy the exhaustion doctrine, a habeas corpus petitioner must meet a two-prong test. First, the petitioner must "fairly present" his or her federal claim to the highest state court from which a decision can be rendered. Daye, 696 F.2d at 190-91 n.3. A claim is "fairly presented" if

-5-

the state courts are informed of "both the factual and the legal premises of the claim [asserted] in

federal court." Daye, 696 F.2d at 191. In particular, the same material factual allegations

asserted in the federal habeas corpus petition must have been brought before the state court, in

order to provide the state court with "a fair opportunity to rule on the claim." Daye, 696 F.2d at

191. Additionally, "the petitioner must have placed before the state court essentially the same

legal doctrine [asserted] in [the] federal petition." Id. at 192. A petitioner must alert a state court

"to the fact that the [prisoner is] asserting claims under the United States Constitution" by clearly

stating so. Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887-888, reh'g denied, 514 U.S.

1032, 115 S. Ct. 1394 (1995).

Second, "having presented his federal constitutional claim to an appropriate state court,

and having been denied relief, the petitioner must have utilized all available mechanisms to

secure state [appellate] review of the denial of that claim." Klein v. Harris, 667 F.2d 274, 282

(2d Cir. 1981) (citations omitted). See also Nelson v. Walker, No. CV-94-1702, 1996 WL

148321 at *5 (E.D.N.Y. Mar. 20, 1996) (petitioner must utilize "all available avenues of

appellate review within the state court system," either by direct appeal or collateral attack), aff'd

121 F.3d 828 (2d Cir. 1997).

As noted above, the respondent contends that, with respect to all the claims made in the

instant petition, Camerena failed to fulfill his exhaustion obligation because he failed to frame

his claims in federal constitutional terms either in the briefs he presented to the Appellate

Division or in his application for leave to appeal to the New York Court of Appeals from so

much of the Appellate Division's determination as pertained to the contention made by

Camerena that he was not present at a material stage of his trial. As will be discussed below, the

Court shares the respondent's view that Camerena did not present to the state courts as federal law violations his claim that his sentence is excessive, that is, unduly harsh, or the claim concerning the conviction he received for third-degree criminal possession of a weapon. However, the Court parts company with the respondent with respect to the remaining claim presented in this petition by Camerena, that he was not present at a material stage of his trial.

Presence at Trial

Camerena framed the claim that he was denied the right to be present at a material stage of his trial as a violation of New York law and the federal Constitution. He did so by making reference to the Fourteenth Amendment in the head note that preceded that argument in his original appellate brief. Thereafter, in his supplemental appellate brief, Camerena made citation to New York cases that discuss: (i) the confrontation clauses found in both the state and federal Constitutions, which give a criminal defendant the right to be present at his or her trial; and (ii) the ability of a criminal defendant to make a knowing and voluntary waiver of a constitutional right. See, e.g., People v. Parker, 57 N.Y.2d 136, 140, 454 N.Y.S.2d 967, 969 (1982). Furthermore, in the request that Camerena made seeking leave to appeal to the New York Court of Appeals from a portion of the Appellate Division's determination, Camerena informed that court that he "bases his argument on both his state and federal claims." Thus, Camerena alerted the New York Court of Appeals that the sole claim he asked that court to consider was premised on both state and federal law. Moreover, during the reconstruction hearing ordered by the Appellate Division, the trial court discussed with the petitioner's hearing counsel the fact that the issue with which the Appellate Division would be confronted, once the reconstruction hearing had been completed and the parties returned to that court, was a "constitutional rights issue."

-7-

None of the parties participating in the reconstruction hearing took issue with the trial court's observation that Camerena's claim that he was not present at a material stage of his trial presented a "constitutional rights issue." In light of the foregoing, the Court finds that although Camerena emphasized the New York law aspect of this claim, he presented his due process and confrontation clause violation claim, premised on his "exclusion" from the sidebar conferences, as both state and federal constitutional violations and gave the New York state courts "a fair opportunity to act on [his claim]." O'Sullivan, 526 U.S. at 844, 119 S. Ct. at 1732.

Where a state court has adjudicated the merits of a claim raised in a federal habeas corpus petition, 28 U.S.C. § 2254 informs that a writ of habeas corpus may issue only if the state court's adjudication resulted in a decision that: 1) was contrary to, or involved an unreasonable application of, Federal law, as determined by the Supreme Court of the United States; or 2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. See 28 U.S.C. § 2254(d); see also Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495 (2000); Francis S. v. Stone, 221 F.3d 100 (2d Cir. 2000). In addition, when considering an application for a writ of habeas corpus by a state prisoner, a federal court must be mindful that any determination of a factual issue made by a state court is to be presumed correct and the habeas corpus applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1).

Here, the Appellate Division adjudicated Camerena's claim, that he was not present at a material stage of his trial, on the merits and found it wanting. The New York Court of Appeals determined not to grant Camerena leave to appeal to that court. Therefore, it is incumbent upon Camerena to establish that the decision rendered by the Appellate Division was either:

(a) contrary to or involved an unreasonable application of federal law as enunciated by the Supreme Court of the United States; or (b) grounded on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. This he has not done. Moreover, since "the Federal Constitution does not require a defendant's presence at sidebar conferences," Gaiter v. Lord, 917 F. Supp. 145, 152 (E.D.N.Y. 1996); accord, United States v. McCoy, 8 F.3d 495, 496-97 (7th Cir. 1993), Camerena's claim does not rise to the level of a constitutional violation.

Inasmuch as Camerena has not met the burden placed on him by 28 U.S.C. § 2254(d) and, furthermore, since no federal constitutional right is implicated when a criminal defendant is not present at sidebar conferences, such as those discussed in the instant writing, Camerena would not be entitled to habeas corpus relief based on this claim.

Weapon Possession Conviction

With respect to Camerena's unexhausted claim, that his conviction for third-degree weapon possession cannot stand, Camerena never presented this claim to a state court as a violation of federal law. Moreover, Camerena no longer has a vehicle through which that claim could be presented to the state courts for adjudication. He has availed himself of the one opportunity he had to present that claim to the New York Court of Appeals. See New York Court Rules § 500.10(a). In addition, New York procedural law would bar Camerena from mounting a collateral attack in an attempt to vacate the judgment of conviction based upon this claim because the facts underlying the claim appear in the record generated during the trial and, therefore, could have been among the matters Camerena asked the New York Court of Appeals to review. See CPL § 440.10(2)(c).

Since Camerena can no longer present this claim in state court, the claim has been procedurally forfeited. Therefore, the claim may be deemed exhausted by the court for the purpose of habeas corpus review. See Harris v. Reed, 489 U.S. 255, 263 n.9, 109 S. Ct. 1038, 1043 n.9 (1989); Grey v. Hoke, 933 F.2d 117, 120 (2d Cir. 1991). In such a circumstance, Camerena's claim, that his third-degree weapon possession conviction was improper, may be entertained by the court if Camerena can show cause for his default and actual prejudice resulting therefrom, or that failure to consider the federal claim will result in a fundamental miscarriage of justice. See Harris, 489 U.S. at 262, 109 S. Ct. at 1043; DiGuglielmo v. Smith, 366 F.3d 130, 135 (2d Cir. 2004). A "fundamental miscarriage of justice" has been described as an "extraordinary case where a constitutional violation has probably resulted in the conviction of one who is actually innocent." Sawyer v. Whitley, 505 U.S. 333, 338-39, 112 S. Ct. 2514, 2518-19 (1992); Gonzalez v. Sullivan, 934 F.2d 419, 422 (2d Cir. 1991).

Camerena maintains, in a traverse submitted in response to the respondent's answer to the petition, that the cause for his failure to exhaust this claim in state court was ineffective assistance he received from his appellate counsel. Camerena did not elaborate on this point and has never presented his allegation that he received ineffective assistance from his appellate counsel in any state court for adjudication.

The Sixth Amendment guarantees a criminal defendant the "right to effective assistance of counsel." Strickland v. Washington, 466 U.S. 668, 686, 104 S. Ct. 2052, 2063 (1984). This right to counsel also extends to the prosecution of a direct appeal from a judgment of conviction. See Evitts v. Lucey, 469 U.S. 387, 395-96, 105 S. Ct. 830, 836 (1985). To determine whether counsel's assistance was effective, the Supreme Court devised a two-part test. See Strickland,

466 U.S. at 687-696, 104 S. Ct. at 2064-2069. First, a criminal defendant must show that counsel's performance was deficient; that is, that it fell below an "objective standard of reason-ableness" measured under "prevailing professional norms." Id. at 687-688, 2064-2065. Second, the criminal defendant must affirmatively demonstrate prejudice, by showing that "there is a reasonable probability that but for counsel's [error], the result of the proceeding would have been different." Id. at 694, 2068. See also United States v. Javino, 960 F.2d 1137, 1145 (2d Cir.), cert. denied, 506 U.S. 979, 113 S. Ct. 477 (1992). A reasonable probability has been defined as "a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. Considerable deference is accorded counsel's performance as counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690, at 2066.

The fact that Camerena's appellate counsel's determination to press only one claim in the application made for leave to appeal to the New York Court of Appeals, without more, cannot be said to be ineffective assistance of counsel. This is so because the failure to present every non-frivolous argument to an appellate court does not constitute ineffective assistance of counsel, as appellate counsel is permitted to exercise professional judgment when determining which issue(s) to pursue on appeal. See Jones v. Barnes, 463 U.S. 745, 751, 103 S. Ct. 3308, 3312 (1983). Indeed, the Supreme Court has recognized that effective appellate advocacy entails "winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." Id. at 751-752, 3312-3313. Therefore, Camerena's bald allegation that cause for his procedural default rests with his appellate counsel, who rendered ineffective assistance to him, is not persuasive. Accordingly, the Court finds that Camerena has not

established cause for his failure to raise, before the New York Court of Appeals, his claim that his conviction for third-degree weapon possession cannot stand.

In addition, the Court is mindful that the Appellate Division declined to entertain Camerena's claim concerning his third-degree weapon possession conviction because he had not preserved that claim for appellate review, as required by New York law. See CPL § 470.05(2). The Appellate Division also noted that, notwithstanding Camerena's failure to preserve this claim for appellate review, if the court were to review the claim it would reject it.

A federal court may not review a question of federal law decided by a state court if the state court's decision rested on a state law ground, be it substantive or procedural, that is independent of the federal question and adequate to support the judgment. See Coleman v. Thompson, 501 U.S. 722, 729, 111 S. Ct. 2546, 2553-54 (1991). The Second Circuit has advised that federal habeas review is foreclosed when a state court has expressly relied on a procedural default as an independent and adequate state ground, even where, as in the instant case, the state court has also ruled in the alternative on the merits of the federal claim. See Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir. 1990).

However, as noted earlier in this writing, where a claim has been procedurally defaulted in state court, if a habeas corpus petitioner can show cause for the default and prejudice attributable thereto or demonstrate that the failure to consider his federal claim will result in a fundamental miscarriage of justice, a federal court can entertain the petitioner's federal claim that was procedurally defaulted in the state court. See Harris, 489 U.S. at 262, 109 S. Ct. at 1043. For the reasons stated earlier in this writing, which will not be repeated here, Camerena has not shown cause and prejudice or that a fundamental miscarriage of justice would attend if the instant

-12-

claim were not considered by the court. Consequently, no basis exists upon which the Court may rely to review this claim.

Excessive Sentence

Camerena's remaining unexhausted claim, that the sentence imposed upon him was excessive, is unlike the other unexhausted claim in the petition because Camerena still has a state-court remedy available to him through which he may obtain relief on this claim. CPL § 440.20 permits a criminal defendant to make an application "at any time after the entry of a judgment [to] set aside [a] sentence upon the ground that it was unauthorized, illegally imposed or otherwise invalid as a matter of law." In a situation such as this, where a petitioner seeking habeas corpus relief has filed a mixed petition with the district court, that is, a petition containing exhausted and unexhausted claims, the court can stay adjudication of the exhausted claim(s) and offer the petitioner an opportunity to return to state court to exhaust the unexhausted claim(s), see Zarvela v. Artuz, 254 F.3d 374, 380-82 (2d Cir. 2001). Alternatively, the court can deny the petition on the merits. See 28 U.S.C. § 2254(b)(2); Pratt v. Greiner, 306 F.3d 1190, 1196-97 (2d Cir. 2002).

In the instant case, the Court finds that it would be reasonable and efficient to conserve judicial resources by adjudicating Camerena's excessive sentence claim on the merits. This is so because "[n]o federal constitutional issue is presented where . . . the sentence [imposed] is within the range prescribed by state law." White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992); see also Dorsey v. Irvin, 56 F.3d 425, 427 (2d Cir. 1995); Alvarez v. Scully, 833 F. Supp. 1000, 1009 (S.D.N.Y. 1993).

At the time Camerena was sentenced for his conviction for criminal possession of a weapon in the second degree, the applicable statute, New York Penal Law § 70.02, as it then existed, permitted the court to impose on him an indeterminate sentence. The minimum sentence had to be half of the maximum sentence. The maximum sentence the trial court could have imposed on Camerena for this conviction was at least 4 ½ years imprisonment and at most 15 years imprisonment. Therefore, the sentence imposed on Camerena, 6 to 12 years imprisonment, is a period of incarceration within the range fixed by the then governing statute. In like manner, upon Camerena's conviction for criminal possession of a weapon in the third degree, the trial court was authorized by New York Penal Law § 70.02, as it then existed, to impose an indeterminate sentence on Camerena. The minimum of the sentence had to be half the maximum sentence. The maximum sentence to which Camerena was exposed, based on this conviction was at least 3 years imprisonment and at most 7 years imprisonment. Consequently, the sentence Camerena received, 2 ½ to 5 years imprisonment, was within the range prescribed by existing state law. Since Camerena would not be able to obtain relief through his habeas corpus petition based on the claim that his sentence is excessive, requiring him to return to state court in order to "exhaust" that claim is not warranted.

## IV. RECOMMENDATION

For the reasons set forth above, Camerena's application for a writ of habeas corpus should be denied.

## V. FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. See also

Fed. R. Civ. P. 6. Such objections, and any responses to objections, shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the Honorable P. Kevin Castel, 500 Pearl Street, Room 2260, New York, New York, 10007, and to the chambers of the undersigned, 40 Foley Square, Room 540, New York, New York 10007. Any requests for an extension of time for filing objections must be directed to Judge Castel. FAILURE TO FILE OBJECTIONS WITHIN TEN (10) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW. See Thomas v. Arn 474 U.S. 140 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
      June 22, 2005

Respectfully submitted,

*Kevin Nathaniel Fox*

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

Mailed copies to:

Julio Camerena
Elizabeth Bernhardt, Esq.
Nhu P. Nguyen, Esq.