UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JULIO CAMERENA,

                            Petitioner,                  03 Civ. 474 (PKC)

     -against-

                                                         <u>ORDER</u>

GARY FILION, Superintendent, Coxsackie
Correctional Facility,

                            Defendants.
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

        Petitioner Julio Camerena, an inmate at the Gouverneur Correctional Facility, made an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner alleges that his confinement by the State of New York is unlawful because: (1) he was denied his constitutional right to be present at all material stages of his trial; (2) his conviction for third-degree criminal possession of a weapon should have been dismissed because the charge underlying that conviction is a non-inclusory, concurrent charge to second-degree criminal possession of a weapon, for which he was also convicted; and (3) his sentence, concurrent indeterminate terms of 6 to 12 years for second-degree weapon possession and 2 ½ to 5 years for third-degree weapon possession, is excessive in light of mitigating factors pertinent to the incident out of which his conviction arose, and in light of the minimal nonviolent criminal record he had amassed at the time the sentence was imposed on him.

        Petitioner was charged in an indictment returned by a Bronx County grand jury with murder in the second degree, manslaughter in the first degree, criminal

possession of a weapon in the second degree and criminal possession of a weapon in the third degree. These charges arose from a shoot-out and scuffle petitioner had with an acquaintance, during which petitioner fired a fatal shot into his opponent's head. On January 13, 1999, petitioner was convicted of the criminal possession charges and received the sentences described above.

After conviction, petitioner appealed to the New York State Supreme Court, Appellate Division, First Department. The first ground for appeal was that petitioner was not allowed to attend sidebar conferences during the voir dire phase of trial proceedings despite his expressed request to do so, in violation of New York law. See CPL § 260.20; People v. Antommarchi, 80 N.Y.2d 247 (1992). The Appellate Division ordered the trial court to conduct a reconstruction hearing on this issue because the factual record was "sufficiently ambiguous" with regard to whether petitioner was actually present at sidebar conferences. After conducting a reconstruction hearing, the trial court concluded that petitioner had elected to remain at counsel table and hear the conversations that took place at these conferences via headphones connected to the official court interpreter. The Appellate Division held that this procedure satisfied the dictates of New York law, as articulated in Antommarchi. People v. Camarena, 295 A.D.2d 109, 110 (1st Dep't 2002), lv. to appeal denied, 295 N.Y.2d 709 (2002).

The second ground for petitioner's appeal was that his sentence should have been reduced due to his limited prior criminal history and case-specific mitigating factors. The Appellate Division held that there was no basis for such a sentence reduction. Id. at 110.

2

Finally, petitioner argued that his conviction for third-degree weapon possessions should be set aside because the underlying charge was a non-inclusory, concurrent charge. Id. The Appellate Division concluded that petitioner had not preserved this objection for appeal. Even if petitioner had done so, the Appellate Division noted that it would have rejected the claim.

Petitioner filed his petition on January 22, 2003. It was originally assigned to the Honorable Lewis A. Kaplan, U.S.D.J., and it was referred to the Honorable Kevin Nathaniel Fox, U.S.M.J., for general pretrial management and for consideration of any dispositive motion. (Docket No. 7) On November 6, 2003, the petition was reassigned to me. (Docket No. 9)

On June 22, 2005, Magistrate Judge Fox issued a Report & Recommendation ("R&R") recommending that the petition for a writ of habeas corpus be denied. (Docket No. 10) According to the R&R, petitioner had failed to exhaust his state remedies with respect to two of his three claims for habeas relief—the claim that his sentence was unduly harsh and the claim that the charge for third-degree criminal possession of a weapon should have been dismissed. (R&R at 7)

With respect to petitioner's claim that his absence at sidebar conferences during his trial violated his federal constitutional rights, Magistrate Judge Fox concluded that petitioner had exhausted his state remedies before seeking federal habeas relief. (R&R at 8) Even in such circumstances, a federal court may issue a writ of habeas corpus only if the state court's adjudication resulted in a decision that: 1) "was contrary to, or involved an unreasonable application of, federal law, as determined by the Supreme Court of the United States"; or 2) "was based on an unreasonable determination of the

3

facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). See also Williams v. Taylor, 529 U.S. 362 (2000) (reversing lower court's denial of habeas relief because state court had analyzed petitioner's ineffective assistance of counsel claim under the incorrect standard). In addition, any determination of a factual issue made by a state court is presumed correct, and the petitioner has the burden of rebutting the presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

In his June 22, 2005 R&R, Judge Fox provided that the parties "shall have ten (10) days from service of this Report to file written objections." (R&R at 14) This allowed the parties until July 7, 2005, to file objections. (Docket No. 10) Having filed no objections, plaintiff wrote to this Court in a letter dated July 10, 2005, to request additional time to file objections. (Docket No. 20) On July 15, 2005, I extended plaintiff's time to file objections until September 16, 2005. (Docket No. 20) On July 20, 2005, plaintiff again requested additional time to file objections, and I granted him an extension until October 28, 2005. (Docket Nos. 21, 22)

Finally, on August 31, 2005, an individual of unknown relation to plaintiff known as Nanna Ortiz wrote to this Court to request additional time on his behalf. (Docket No. 23) According to the letter, plaintiff was then incarcerated in a Special Housing Unit at the Gouverneur Correctional Facility and would remain so until October 18, 2005. (Docket No. 23) I rejected this application for additional time. (Docket No. 23) Plaintiff has neither sent any additional communication to this Court nor filed any objections to the R&R.

Standard of Review

A district court evaluating a magistrate judge's report may adopt those portions of the report which neither party has objected to and which are not clearly erroneous. Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 149 (1985). A district judge may accept, reject, or modify, part or all of the magistrate judge's findings and recommendations. See DeLuca v. Lord, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994), aff'd, 77 F.3d 578 (2d Cir. 1996), cert. denied, 519 U.S. 824 (1996). Where, as here, the petitioner is proceeding pro se, "leniency is generally accorded." Muhammad Bey v. Human Res. Admin., 1999 WL 31122, at *2 (E.D.N.Y. Jan. 12, 1999) (citing McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir.1988)).

Analysis

I have reviewed the R&R as well as appropriate legal authorities, and I find that it is well reasoned and in conformity with the law. See Pizarro v. Bartlett, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). First, petitioner has not exhausted the state remedies applicable to either his claim that the third-degree weapon possession charge should have been dismissed or his claim that his sentence was excessive. Petitioner's bald assertion that his failure to advance his dismissal claim appropriately resulted from ineffective assistance of counsel does not meet petitioner's burden in showing such a constitutional violation. See Strickland v. Washington, 466 U.S. 668, 686 (1984). Furthermore, the Appellate Division concluded that petitioner had not preserved his dismissal claim for appeal, thus providing an alternative state law ground for rejecting this part of the habeas petition. In such a circumstance, the Supreme Court has held that a federal court should

5

constitutional issue presented in this part of the petition because the sentences imposed for both weapon possession charges were within the range prescribed by state law. See New York Penal Law § 70.02; White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992).

CONCLUSION

The Court adopts the Report and Recommendation. The petition is denied. The Clerk is directed to close this case.

As petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253; Lozada v. United States, 107 F.3d 1011, 1016-17 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255, 259-60 (2d Cir. 1997). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. See Coppedge v. United States, 369 U.S. 438, 82 S.Ct. 917 (1962).

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
February 9, 2006

6